BAIRE, Appellant,

v.

BAIRE, Appellee.

[Cite as *Baire v. Baire* (1995), 102 Ohio App.3d 50.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 94 CA 58.

Decided March 22, 1995.

*Anthony J. Zaharieff,* for appellant.

*Richard P. Arthur,* for appellee.

WOLFF, Judge.

Jimmie R. Baire appeals from the judgment of the Greene County Court of Common Pleas which ordered him to pay child support, and to pay Frances L. Baire $10,000 and her attorney fees.

Mr. and Mrs. Baire were married in 1984. They are the parents of a minor child. The Baires were divorced in 1991. The judgment entry and decree of divorce awarded custody of their child to Mrs. Baire. The decree did not state the income of the parties, but the record demonstrates that Mr. Baire was receiving workers' compensation benefits and that Mrs. Baire was receiving social security disability benefits prior to the decree. As to child support, the decree stated that Mr. Baire would not be ordered to pay child support "in view of the fact that the child is eligible to receive social security insurance which will provide adequate support."

The decree required Mr. Baire to quitclaim any interest that he had in the marital residence to Mrs. Baire, and she was ordered to pay the mortgage, taxes, and insurance attributable to that property. The decree also provided that Mrs. Baire was to retain a parcel of real property in Gray, Kentucky, free from any claim by Mr. Baire and that he was to make the monthly payments on the land installment contract for the Gray, Kentucky property.

On June 16, 1992, a prosecuting attorney for the Greene County Child Support Enforcement Unit filed a motion for support for the child. The prosecutor argued that the child was without proper parental support. The referee found

that there had not been a sufficient change in circumstances to permit a modification of child support. No objections were made to the referee's report, and it subsequently became the order of the court.

On August 8, 1993, Mrs. Baire filed a motion requesting an order of child support, an order requiring Mr. Baire to pay the uninsured medical expenses for the child, an order requiring Mr. Baire to show cause why he should not be found in contempt for not paying the monthly payments on the Gray, Kentucky property, and an order requiring Mr. Baire to pay her attorney fees. A hearing on the motion was set for September 16, 1993. Mr. Baire requested a continuance because he was going to have back surgery in September and needed ninety days for recovery. On September 14, 1993, notice was sent to Mr. Baire notifying him of the new hearing date in November 1993.

On the day of the hearing, Mr. Baire did not appear. A letter from him was received by the court on the day of or the day after the hearing, wherein he requested a continuance due to heart problems. There is no indication in the transcript of the evidentiary hearing that the referee had knowledge of the letter. The referee conducted the hearing in Mr. Baire's absence, and Mrs. Baire was the only witness to testify. The referee found Mr. Baire in contempt for failing to make the payments on the Gray, Kentucky property. The referee also found that Mr. Baire's failure to pay had resulted in the loss of a $10,000 deposit paid by Mrs. Baire, and the referee ordered Mr. Baire to pay her that amount. Mr. Baire was also ordered to pay $250 for Mrs. Baire's attorney fees.

Regarding the request for an order for child support, the referee found that Mr. Baire's income was $24,000 and that Mrs. Baire had no income. The referee found that the amount of support required by the guidelines was more than ten percent greater than the amount Mr. Baire was then paying, and he concluded that a substantial change of circumstances had occurred in accordance with R.C. 3113.215(B)(4). Therefore, he ordered Mr. Baire to pay the amount indicated by the guidelines, $372.58 per month. Additionally, the referee ordered Mr. Baire to pay all costs of uninsured extraordinary medical treatment for the child, including $962 in outstanding medical bills that Mrs. Baire produced at the hearing.

Mr. Baire objected to the referee's report and recommendation. The trial court overruled the objections. Mr. Baire appeals the trial court's judgment, and asserts three assignments of error.

"I. The trial court erred in adopting the report and recommendation of the referee and in overruling the plaintiff's objections thereto."

In this assignment of error, Mr. Baire contends that the trial court should have held a hearing to receive evidence of the arguments put forth in his objections. He argues that he did not voluntarily miss the referee's hearing and that his

objections raised questions of fact about the referee's findings and recommendations.

When objections are filed to a referee's report and recommendation, Civ.R. 53(E)(2) states that the trial court "*may* adopt, reject, or modify the report; hear additional evidence; return the report to the referee with instructions; or hear the matter itself." (Emphasis added.) Clearly, the trial court has discretion to select the proper course of action when considering the objections, and the rule does not require the court to hold an evidentiary hearing on the objections in every case. *Shaffer v. W. Farmington* (1992), 82 Ohio App.3d 579, 583, 612 N.E.2d 1247, 1249–1250. The trial court's decision to adopt the report and recommendation after considering the objections will only be disturbed upon a showing of an abuse of discretion.

The trial court took note that the record contained the two letters sent by Mr. Baire regarding his poor health. In view of the fact that the second letter, requesting a continuance of the November 1993 hearing, was not received prior to the day of the hearing and that the referee apparently had no knowledge of the letter, the court found that "the Referee acted upon the evidence presented at the hearing, which is according to law." Thus, the trial court did not conduct an additional evidentiary hearing and limited its consideration to the evidence before the referee. This action by the trial court was not unreasonable and did not constitute an abuse of discretion.

On appeal, Mr. Baire argues that several of the referee's factual findings were drawn into question by the evidence Mr. Baire submitted with his objections. However, Civ.R. 53(E)(6) expressly authorizes the trial court to "disregard any evidence that was not submitted to the referee unless the [objecting] party demonstrates that with reasonable diligence he * * * could not have discovered *and produced* that evidence for the referee's consideration." (Emphasis added.) The only explanation Mr. Baire offered for his failure to present his evidence to the referee was his illness which kept him from attending the hearing. As the trial court noted, Mr. Baire had notice of the hearing date more than two months prior to the hearing, but he failed to request a continuance in a timely manner. Through "reasonable diligence" he could have requested a continuance earlier. Nothing of record suggests that the trial court would not have acted favorably on a timely request for continuance, thus enabling Mr. Baire to present his evidence to the referee. Furthermore, he made no showing that an attorney could not have appeared at the hearing on his behalf and sought the introduction of the evidence through cross-examination of Mrs. Baire. Therefore, the trial court acted within its discretion in refusing to consider the evidence Mr. Baire submitted with his objections.

Accordingly, the first assignment of error is overruled.

"II. The trial court erred in finding that there had been a substantial change of circumstances and in awarding child support."

In his second assignment of error, Mr. Baire contends that the trial court erred in adopting the referee's finding that there had been a change in circumstances justifying a modification of the child support order. Mr. Baire argues that "no factors have changed since [the] initial decision was made by the trial court"; for example, the parties' incomes had remained constant. Therefore, he concludes that the trial court erred in ordering him to pay child support.

The modification of child support orders is governed by R.C. 3113.215(B)(4):

"If an obligor or obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the support order in accordance with the schedule and pursuant to the applicable worksheet * * *, and if that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet * * * shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order. * * * If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order, the court shall modify the amount of child support required to be paid under the child support order * * *."

As a prerequisite to modifying a child support order, the trial court must determine that there has been a substantial change in circumstances that was not contemplated at the time of the original, or most recent, support order. R.C. 3113.215(B)(4); *In re Mathers* (Mar. 26, 1993), Geauga App. No. 92–G–1707, unreported, 1993 WL 150429. Upon the filing of a motion to modify a child support order, R.C. 3113.215(B)(4) requires a trial court to recalculate the amount of support that the obligor would be required to pay in accordance with the current statutory schedule and worksheet. If the amount as recalculated varies by more than ten percent from the amount currently being paid pursuant to the support order, the deviation shall be considered a substantial change of circumstance. R.C. 3113.215(B)(4). However, the deviation, without more, is not sufficient to justify a modification of the support order. Rather, before the court may modify the child support order, it must also find that this "change of

circumstance" was not contemplated at the time the original support order was made. *Id.; Mathers, supra.*

■ The referee in this matter found that "the calculated amount of child support, as mandated by the guidelines, [was] more than 10% greater than that being currently paid and that by virtue thereof, a substantial change of circumstances exists." The trial court impliedly adopted this finding, and no finding was made as to whether this change of circumstances was contemplated at the time the original order was made.

The record reveals that, at the time the original divorce decree was entered, Mr. and Mrs. Baire were each receiving disability benefits, through workers' compensation and social security, respectively, and those benefits were their only source of income. Workers' compensation and social security benefits are "gross income" for the purposes of determining the amount of child support to be paid. R.C. 3113.215(A)(2). Mrs. Baire's testimony at the evidentiary hearing revealed that both she and Mr. Baire were still receiving these disability benefits. She testified as to the approximate amount of income each of them received from these sources of income, but at no time did she testify that the amount that they received had changed since the time of the original order.

Mr. and Mrs. Baire had disability income at the time of the original order, and neither party was ordered to pay child support. Thus, the amount of support ordered has always been more than ten percent less than the amount of support as calculated according to the guidelines. The deviation between the amount of support ordered to be paid and the amount of support as calculated according to the guidelines was within the contemplation of the parties and the court at the time the original support order was issued. Therefore, this deviation, without more, was not sufficient to justify a modification of the child support order.

At the hearing, Mrs. Baire testified that her financial circumstances had changed because she had filed Chapter 13 bankruptcy. However, before the first motion for support was filed on June 16, 1992, a referee had already found that Mrs. Baire had filed Chapter 13 bankruptcy. On September 24, 1992, after considering the first motion for support, which was filed by the child support enforcement agency, a referee determined that no substantial change of circumstances had occurred since the original decree had been entered. No objections were made to the referee's finding, and it became the order of the court. Thus, the issue of whether Mrs. Baire's Chapter 13 bankruptcy filing constituted a change of circumstances for child support purposes had been, or should have been, determined, and she cannot now rely on her bankruptcy filing to demonstrate a change in circumstances.

Finally, Mrs. Baire presented no evidence that the social security benefits that the child was receiving had become insufficient for the child's support. The divorce decree specifically found that the social security benefits were sufficient to support the child without any support payments from her parents. If this had changed, *i.e.*, if the benefits were no longer sufficient to provide adequate support for the child, there would have been a change in circumstances sufficient to justify modifying the order, regardless of whether Mr. or Mrs. Baire's financial condition had changed. R.C. 3113.215(B)(4). In other words, it is clear from the express language in the final decree, that social security benefits "will provide adequate (child) support," that it was contemplated when the decree was entered that these benefits would provide adequate support for the child. Thus, if Mrs. Baire had demonstrated that these benefits were no longer adequate for the child's support, she would have demonstrated a change of circumstances not contemplated at the time that the decree was entered. This change of circumstances might have justified a modification of the provision for child support contained in the decree. However, Mrs. Baire made no such demonstration.

In his dissent, Judge Grady interprets R.C. 3113.215(B)(4) to require a modification if the amount of child support required deviates more than ten percent from the amount specified in the guidelines, regardless of whether the deviation, *i.e.*, the substantial change of circumstances, *id.*, was within the contemplation of the parties at the time the most recent support order was made. Judge Grady's interpretation of the statute would open the door to repetitious, and potentially harassing, litigation. For example, if the trial court here had determined that the deviation between the amount specified in the order, *i.e.*, zero, and the amount specified in the guidelines constituted a substantial change in circumstances, but the trial court had also determined that ordering the amount prescribed by the guidelines would be unjust, as the trial court had previously determined in the original decree, then the trial court could have properly refused to modify the order. *Id.* Under Judge Grady's interpretation, the day after the court rendered its decision in such a situation, Mrs. Baire could legitimately file another motion to modify the support order because the ten percent deviation would remain and the deviation, without more, would justify a reevaluation of the support award.

In effect, that is what occurred in this case. On June 16, 1992, the Greene County Child Support Enforcement Unit filed a motion to modify the support order on Mrs. Baire's behalf. The court refused to modify the support order, despite the fact that the support order, which ordered no child support, deviated by more than ten percent from the amount specified in the guidelines at that time. On August 8, 1993, Mrs. Baire moved to modify the support, and the only "substantial change in circumstances" was the same ten percent deviation be-

tween the amount specified in the support order, *i.e.*, zero, and the amount specified in the guidelines. Just as Mrs. Baire is not permitted to relitigate a change in circumstances based upon her bankruptcy filing, she should not be permitted to burden the courts by reasserting the ten percent rule, and nothing more, in the hope of receiving a favorable ruling.

We realize the circumstances of this case are not typical. Generally, where there is a deviation of more than ten percent between the amount ordered in the support order and the amount specified in the guidelines, the ordered child support will, in fact, be inadequate to support the child in a manner that is in keeping with the parents' incomes. We must assume that, in the typical case, the trial court and the parties contemplate that child support, when ordered, will be adequate. Thus, in the typical case, if and when a ten percent deviation is demonstrated, that deviation will, in fact, be a substantial change in circumstances not contemplated by the parties. In other words, the present inadequacy of the child support was not contemplated when the last support order was made. However, in this unusual case, the trial court determined that the child would be receiving adequate support from an alternate source, *i.e.*, social security disability benefits. Therefore, the deviation between the amount Mr. Baire was required to pay and the guideline amount, which was contemplated at the time the support order was made, does not implicate the adequacy of the child's support, especially where, as here, the parents' incomes have not changed. Accordingly, without proof beyond that of the deviation, there was no evidence that the child's support was inadequate, a circumstance which, had it been shown, would have been beyond the contemplation of parties at the time the support order was made.

While Judge Grady voices a plausible interpretation of R.C. 3113.215(B)(4), for the foregoing reasons, we hold that the section must be interpreted to require that a deviation between the support ordered and the support specified by the guidelines constitute a substantial change in circumstances *which was not contemplated at the time of the last support order.*

Therefore, because the evidence did not demonstrate any change in circumstances which had not been contemplated at the time the original child support order was made, the trial court erred in modifying the child support order.

The second assignment of error is sustained.

"III. The trial court erred in finding that the defendant had no income for the purposes of determining the amount of child support to be paid."

Our disposition of the second assignment of error has rendered this assignment of error moot.

The portion of the trial court's judgment which modified the original support order will be reversed. In accordance with App.R. 12(B), we will enter the

judgment that the trial court should have entered and will deny Mrs. Baire's motion to order child support. In all other respects, the judgment of the trial court will be affirmed.

*Judgment accordingly.*

FREDERICK N. YOUNG, J., concurs.

GRADY, J., dissents.

GRADY, Judge, dissenting.

I respectfully dissent from the decision of the majority overruling the second assignment of error, which follows the rule of *In re Mathers* (Mar. 26, 1993), Geauga App. No. 92–G–1707, unreported, 1993 WL 150429. *Mathers* held that a change of circumstances sufficient to modify a prior support order must be not only "substantial" but also one not contemplated at the time of the original, or more recent, order. That view limits the ten percent rule in R.C. 3113.215(B)(4) to a test of substantiality only. However, the statute provides that a ten percent or greater deviation from the amount of support last ordered "shall be considered by the court *as* a change of circumstances that is substantial enough to require a modification of the child support order." The demonstrated deviation is therefore itself a circumstantial change substantial enough to trigger modification, and it matters not whether the parties considered the premises earlier. Indeed, the ten percent rule is a policy determination by the General Assembly necessary to bring Ohio into compliance with federal mandates pertaining to child support, so it is unlikely that the court or the parties could have considered the matter when the last support order was made.

I do not fear the potential for repetitious and harassing litigation which Judge Wolff has forecast should my interpretation of the ten percent rule be followed. The modification triggered by a demonstrated deviation remains subject to the adjustment allowed at line 26 of the "Worksheet" set out at R.C. 3113.215(E), which permits the court to order a different amount of support, or none at all, if the amount derived from the Worksheet calculations "would be unjust or inappropriate and would not be in the best interest of the child or children." An amount entered upon that finding is *res judicata* as between the parties on the facts concerned, and each is barred from refiling thereafter on the basis of the same record.

I would overrule the second assignment of error and affirm the judgment of the trial court.