OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Sandusky County Court of Common Pleas deciding various post-divorce decree motions filed by appellant, Kent T. Weickert, and appellee, Debra A. Weickert.
Appellant and appellee were divorced by decree on January 8, 1997. Appellee was named residential parent and legal custodian of the parties' two minor children, Derek, born November 7, 1990, and Kacy, born August 2, 1992. Kacy has cerebral palsy, therefore requiring higher expenditures for day care.
The court ordered appellant to pay child support in the amount of $909.41 per month plus poundage. Appellant was allowed visitation and companionship rights with his children "every Wednesday after school until 7 P.M. and every other weekend from Friday at 6 P.M. or Monday morning as agreed by the parties." Appellant was also awarded holiday and summer visitation in accordance with the standard order of the court.
In dividing the marital property, the lower court ordered the sale of the marital residence during the summer of 1998 and a specified division of the proceeds between the parties. The court awarded appellee exclusive use of the property until such time that it was sold, making her responsible for the mortgage and utility payments. The remaining expenses associated with the marital residence were divided equally between the parties. The court reserved jurisdiction over the sale of the house.
In February 1998, appellee filed a motion asserting that appellant was in arrears on his child support and spousal support obligations and on the payment of medical expenses and clothing allowances. Appellee also indicated that appellant was not exercising his Wednesday visitation and that when he did take the children for "summer" visitation, he insisted that she pay for needed day care after school until the time he picked them up. Appellee also contended that appellant refused to list the marital residence for sale with any realtor but his mother or sister-in-law. Appellee asked the court to find appellant in contempt, for a lump sum judgment on the arrearage and other expenses, for a clarification of the visitation order, for a modification of the child support order in the event that the visitation schedule was modified and for an order requiring the parties to use a disinterested, third-party realtor.
Appellant filed a counter motion asking the court to find appellee in contempt for failing to comply with the court's order concerning medical expenses and for failing to follow the visitation schedule. Appellant requested a modification of the mid-week visitation and alleged that a change in circumstances warranted the modification of his child support obligation.
In May 1998, appellee filed a motion alleging that she had purchased a new residence and asking the court to order appellant to assist with payment on the mortgage and utilities on the marital residence as of June 1, 1998. Appellee claimed that appellant's dilatory conduct in choosing a realtor prevented the earlier sale of the marital residence.
Hearings were held on the parties' motions on June 8, 1998 and July 23, 1998. On July 24, 1998, the trial judge filed her judgment entry determining, in relevant part, that summer visitation and companionship rights must be exercised by appellant in the last two full weeks of June and the first two full weeks in August. While noting that she was without authority to order appellant to visit his children, the court found that if appellant chose not to exercise his summer visitation rights, appellee was entitled to a modification of the child support obligation in order to pay for respite care, which would also be in the children's best interest. The court held:
 "Since respite care for two children at $4 per hour would be $96 per day, for any period of visitation that the defendant does not exercise, his support shall be increased for that period by $60 per day, which is $96 less than the $36 per day summer child care already included in the support calculation."
The court further ordered appellant to submit a written report to the child support enforcement agency on the first Monday in July that was not a holiday and on the third Monday in August, stating whether he had participated in full visitation with his children. If he did not have full visitation, the court required appellant to report how many days the right was not exercised so that the assessment for respite care could be calculated. Despite making this order, the trial court denied the parties' motions to modify child support.
On the issue of the sale of the marital residence, the court held:
 "Inasmuch as the property has not sold, that each party has a vested interest in preserving the property through payment of the mortgage and utilities until sale, that each party has had the benefit of purchasing new property but are thereby encumbered with a new mortgage of their own, and that each party should possess an urgency to get the property sold, the parties shall share in the costs of the property as follows: until the property is sold, the parties shall share in the costs of the property as follows: in August, plaintiff [appellee] shall pay the utilities which come due on [sic] August and defendant [appellant] shall pay the mortgage, and in September, plaintiff shall pay the mortgage and defendant shall pay the utilities which come due in September, and vice versa until the property is sold. Jurisdiction is retained until sold."
Appellant appeals from these provisions of the trial court's judgment and assigns the following as error in the proceeding below:
 "THE TRIAL COURT ERRED IN ORDERING AN INCREASE IN CHILD SUPPORT FOR RESPITE CARE IF APPELLANT DOES NOT EXERCISE HIS SUMMER VISITATION PURSUANT TO THE COURT'S ORDER."
 "THE TRIAL COURT WAS WITHOUT JURISDICTION TO MODIFY ITS FINAL JUDGMENT DECREE OF DIVORCE AND TO ORDER APPELLANT TO PAY MORTGAGE AND UTILITY PAYMENTS ON THE MARTIAL [sic] DWELLING IN WHICH APPELLEE HAD EXCLUSIVE POSSESSION."
 "THE TRIAL COURT WAS BIASED AND PREJUDICED AGAINST APPELLANT AND IN FAVOR OF APPELLEE AND SAID BIAS HAD A DIRECT EFFECT ON ITS DECISION."
Appellant's first assignment of error contends that the trial court is seeking to enforce a visitation schedule as a form of child support. We agree.
In Hamilton v. Hamilton (1995), 107 Ohio App.3d 132,137, the domestic relations court ordered the nonresidential parent to visit with his disabled child as a nonmonetary form of child support. This court held that child support and visitation are independent matters, with child support being a duty and visitation, a right. Id. at 138. Consequently, we held that a court could not order a nonresidential parent to visit with his or her child as a form of support. Id. In dicta, this court stated that we were of the opinion that a domestic relations court has the discretionary authority to, on a motion to modify child support, deviate from the child support amount computed under R.C.3113.215 and increase the child support obligation by any amounts incurred for respite care due to the failure to visit.Id. at 141 n. 1. This is apparently what the trial court in the present case attempted to do.
Nonetheless, in order to modify the amount of a child support obligation, a court is required to follow specific procedures. Modification of a child support order requires a two-step process. The court must first determine whether the movant has demonstrated a substantial change in circumstances which was not contemplated at the time of the last support order. R.C. 3113.215(B)(4); Baire v. Baire (1995), 102 Ohio App.3d 50,54. If a substantial change in circumstances is demonstrated, the court must then make a modification conforming to the child support schedule set forth in R.C. 3113.215, See R.C.3113.215(B)(4). If the court believes that the amount derived from the child support schedule is unjust or inappropriate and not in the best interest of the child, the court must consider the factors in R.C. 3113.215(B)(3) and enter into its journal the amount of the deviation, its determination and the findings of fact that support the deviation. Id.; Marker v. Grimm (1992),65 Ohio St.3d 139, syllabus.
In the present case, the court expressly denied the motions to modify the amount of the child support finding that there was no change of circumstances. As a result, we cannot conclude that ordering appellant to pay for respite care every time he does not exercise his right to visitation and companionship is, in any way, a deviation from the child support schedule upon a modification of a child support obligation. Instead, and even though we sympathize with the parties' children because they are caught in an acrimonious battle between their parents, the amount ordered by the trial court must be considered a penalty for the failure of appellant to exercise his summer visitation rights. Therefore, the visitation order in the case before us treats visitation as a nonmonetary form of child support and our holding in Hamilton controls. Consequently, the trial court did err, as a matter of law, and appellant's first assignment of error is found well-taken.
In his second assignment of error, appellant asserts that the order in the divorce decree making appellee responsible for the mortgage and utility payments on the marital residence until the time of the sale are part of the division of the marital property and, therefore, the trial court lacked the jurisdiction to modify that order.
In a divorce proceeding, the court is required to equitably divide and distribute the parties' marital property, that is, the parties' marital assets and liabilities. R.C.3105.171; Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 95. Pursuant to R.C. 3105.171(I), "[a] division or disbursement of property or a distributive award made under this section is not subject to future modification by the court."
Mortgage and utility payments on the marital residence are liabilities arising within the context of the marriage in conjunction with the maintenance of a marital asset. As such,
these liabilities are allocated as part of the division of the marital property. Accord Pinkston v. Pinkston (June 25, 1998), Franklin App. No. 97APF09-1267 unreported (obligation to make mortgage payments is in the nature of a division of marital property); Clarridge v. Clarridge (Sept. 23, 1994), Union App. No. 14-94-10, unreported (mortgage and tax payments properly characterized as part of the property settlement). We therefore find that the trial court lacked the jurisdiction to modify the original divorce decree as to the allocation of who was responsible for mortgage and utility payments on the marital residence. Accordingly, appellant's second assignment of error is found well-taken.
In his third assignment of error, appellant contends that the trial judge was biased and prejudiced toward him; therefore, her judgment should be reversed.
A question of a trial judge's alleged bias or prejudice is not a proper subject for appellate review and cannot be used to void the trial court's judgment. Beer v. Griffith (1978), 54 Ohio St.2d 440,441-42. If appellant believed that the trial court judge was biased and prejudiced toward him, his remedy was to file an affidavit of interest, bias, prejudice or disqualification with the clerk of the Ohio Supreme Court. Section 5(C), Article IV, Ohio Constitution; R.C. 2701.03. Only the Chief Justice of the Supreme Court of Ohio or his designee has the authority to determine such issues regarding a judge of a court of common pleas. Beer v. Griffith, 54 Ohio St.2d at 441-442;State v. Dougherty (1994), 99 Ohio App.3d 265, 269; State v.Ramos (1993), 88 Ohio App.3d 394, 398. Accordingly, appellant's third assignment of error is found not well-taken.
The judgment of the Sandusky County Court of Common Pleas is affirmed in all respects except the court's order regarding visitation/payment for respite care and the court's modification of the division of marital property by reallocating responsibility for mortgage and utility payments for the marital residence. Those parts of the court's July 24, 1998 judgment related to these issues are reversed. The costs of this appeal are assessed, in equal shares, against appellant and appellee.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.