OPINION
{¶ 1} Appellant, Irene Z. Church ("Church"), appeals from the judgments of the Juvenile Division of the Geauga County Court of Common Pleas that were entered on September 11, 2001, and October 12, 2001.
 {¶ 2} The parties have two children from their prior relationship. Pursuant to a paternity suit and previous child support order, appellee, John D. Gadd ("Gadd"), was required to make child support payments to Church in the amount of $491.00 per child, per month.
 {¶ 3} Gadd filed a motion to modify child support based on his changed circumstances. Some of these circumstances were that Gadd was no longer employed and that the children were receiving Social Security benefits in the amount of $544.70 per child, per month, as a result of Gadd turning sixty-five.
 {¶ 4} A hearing was held on September 7, 2001. As all the issues were not resolved in this hearing, a second hearing was held on October 11, 2001. The trial court issued a judgment entry after the second hearing, ordering Gadd's child support obligation to be reduced to $421.39 per child, per month. The trial court then ordered a direct offset of the Social Security benefits received on the children's behalf from Gadd's child support obligation. This resulted in Gadd's child support obligations being suspended so long as the Social Security benefit payments were being received.
 {¶ 5} Church's first assignment of error is:
 {¶ 6} "The trial court abused its discretion by failing to appoint counsel for appellant and failing to grant the requests for continuance of modification of the support hearing by both parties."
 {¶ 7} Church argues that the trial court erred by denying both parties' requests for a continuance of the October hearing. Both Church and Gadd moved for a continuance on October 10, 2001, the day before the scheduled hearing set for October 11, 2001.
 {¶ 8} The decision to grant a continuance is within the broad discretion of the trial court.[1] Such a decision will not be reversed by a reviewing court unless there is an abuse of that discretion.[2]
"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[3]
 {¶ 9} Even though both parties requested a continuance, there are additional concerns a court must consider. "Weighed against any potential prejudice to [the moving party] are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice."[4]
 {¶ 10} Both parties filed a motion to continue on the day before the hearing. The trial court was well within its discretion to deny these motions in the interest of the court's docket. The trial court did not abuse its discretion by denying the motions for continuance.
 {¶ 11} Church also asserts that the trial court should have appointed her an attorney. She claims that she was indigent and entitled to a court appointed attorney. As a recognized participant in a juvenile court proceeding, Church was entitled to counsel if she was indigent.[5]
 {¶ 12} Church filed a motion to appoint counsel on September 6, 2001, the day before the September 7, 2001 hearing. The trial court responded to this motion in a judgment entry dated September 11, 2001. The court directed Church to submit an application for IV-D services through Geauga County Job and Family Services. Church filed a motion on September 27, 2001, stating that this request was denied. Church also filed an application of indigency on October 10, 2001, the day prior to the October 11, 2001 hearing. In this application, Church claimed her annual income was only $9,000. However, a mortgage application, that was signed by Church and introduced into evidence at the second hearing, indicated that Church's income was $4,950 per month.
 {¶ 13} The court found the application of indigency to be untimely. In addition, the court found, based on the evidence presented at the prior hearing, that Church was not indigent. Because the trial court found that Church was not indigent, the court did not abuse its discretion by failing to appoint counsel to represent Church in this matter.
 {¶ 14} Church's first assignment of error is without merit.
 {¶ 15} Church's second assignment of error is:
 {¶ 16} "The trial court abused its discretion by failing to consider all of the statutorily required guidelines in making its decision to modify support."
 {¶ 17} Church argues that the trial court should have considered the factors set forth in R.C. 3113.215(B)(3). Initially, we note that R.C. 3113.215 has been repealed. The applicable portion of that statute has been recodified as R.C. 3119.23. This change was effective March 22, 2001.
 {¶ 18} The language of R.C. 3119.23 provides "[t]he court may
consider any of the following factors in determining whether to grant a deviation pursuant to section 3119.22 of the Revised Code." (Emphasis added.) The plain language of the statute indicates that a court has discretion to consider these factors. The court has additional discretion in deciding to grant a deviation from the basic child support schedule. It may do so if it determines that the amount of child support calculated from the child support worksheet would "be unjust or inappropriate and would not be in the best interest of the child."[6]
 {¶ 19} The hearing before the court was to determine if the prior support order should be modified. "As a prerequisite to modifying a support order, the trial court must determine that there has been a substantial change in circumstances that was not contemplated at the time of the original, or most recent, support order."[7]
 {¶ 20} Church argues the trial court should have considered many of the factors in R.C. 3119.23 because of the medical needs of the children. The October 12, 2001 judgment entry indicates that the court did consider the medical needs of the children, as the court found:
 {¶ 21} "The Court finds [that Church] continues to have insurance available for the minor children at a reasonable cost. [Church] is ordered to maintain health insurance for the children. [Gadd] shall continue to pay health insurance costs and uninsured medical expenses consistent with this court's prior order, with the exception that [Gadd's] share of said expenses is reduced to 65% and [Church's] share of said expenses is increased to 35%."
 {¶ 22} The language of R.C. 3119.23 is discretionary. In addition, the motion before the court was whether to modify a prior support order. Finally, the court did consider the medical needs of the children, which is Chuch's primary objection. Therefore, the trial court did not abuse its discretion by failing to individually consider all of the factors contained in R.C. 3119.23.
 {¶ 23} In her next argument in this assignment of error, Church asserts that the trial court erred by failing to consider prior evidence submitted in previous hearings. Again, these hearings were conducted for the purpose of modifying the support order. The parties were required to show a substantial change in circumstances to have the support order modified. If the evidence was the same as it was in the previous hearing, it would not be grounds for a modification of the support order.
 {¶ 24} Church's second assignment of error is without merit.
 {¶ 25} Church's third assignment of error is:
 {¶ 26} "The trial court abused its discretion by failing to consider the lack of any exercise of visitation rights of appellee."
 {¶ 27} The issue before the court was Gadd's motion to modify the support order. The motion indicates that the prior order was issued in 1996. Gadd testified that he has had minimal contact with the children. He testified to events that show this minimal contact goes back to 1997. In order for a modification of child support, a substantial change in circumstances must be shown that was not contemplated at the time of the previous order.[8] Church has not shown how much Gadd's child support obligations were reduced, if at all, to account for his visitation. In addition, Church has not shown that Gadd's visitation practices have changed since the prior support order. Gadd lives in Oklahoma and testified that he has had very little contact with the children. Church has not shown that the lack of visitation was not contemplated at the time of the previous order.
 {¶ 28} Church's third assignment of error is without merit.
 {¶ 29} Church's fourth assignment of error is:
 {¶ 30} "The trial court abused its discretion by ordering a full and direct offset of social security benefits against appellee's child support obligation."
 {¶ 31} Gadd began receiving Social Security payments when he reached the age of sixty-five. In addition, the children began receiving social security payments of $544.70 per child, per month.
 {¶ 32} Church claims that the Social Security payments should have been deducted from the total child support obligation, and the remainder of the obligation should have been split between the parties in apportion to their amended incomes. The Supreme Court of Ohio rejected this rationale in Williams v. Williams.[9]
 {¶ 33} In Williams, the Supreme Court of Ohio held that "[a] disabled parent is entitled to a full credit on his child support obligation for Social Security payments received by a minor child due to the parent's disability."[10]
 {¶ 34} The Social Security benefits received by the children were more than the amended child support obligations, thus, the trial court did not abuse its discretion by ordering a full and direct offset of Gadd's child support obligations. Church's fourth assignment of error is without merit.
 {¶ 35} Church's fifth assignment of error is:
 {¶ 36} "The trial court abused its discretion by failing to allow appellant to submit evidence and/or testimony to clarify an admittedly confusing mortgage application."
 {¶ 37} Gadd introduced the mortgage application for the limited purpose of showing Church's reported income. Her reported income on the mortgage application was the only item before the court. The mortgage application itself was a collateral matter and had little to do with the case beyond the limited purpose for which it was introduced.
 {¶ 38} Moreover, Church had an opportunity to present evidence at the October hearing. She testified in the narrative and did not offer any evidence to contradict the mortgage application. During this testimony, the court warned Church on several occasions to refrain from arguing her position. In her closing argument, Church did make an argument regarding the computation of the income figure on the mortgage application.
 {¶ 39} Church was not represented by counsel at this hearing. An attorney may have been able to present evidence regarding the income computation on the mortgage application in a more organized manner. However, a pro se litigant is held to the same standard as other litigants and is not entitled to special treatment from the judge.[11]
In addition, the record reveals that the trial court directed Church to apply for IV-D services though Geauga County Job and Family Services on September 11, 2001, a full month before the date of the continued hearing. The record also shows that Church was aware that her request for these services was denied by September 27, 2001, two weeks prior to the date of the continued hearing. These are two weeks during which Church could have obtained legal counsel, as she was aware that an attorney would not be provided for her.
 {¶ 40} Finally, there is nothing in the record to indicate that Church requested an additional opportunity to submit evidence regarding the mortgage application.
 {¶ 41} Church was provided an opportunity to present evidence on her behalf. She did not make a request to have an additional opportunity to present evidence. Thus, the trial court did not abuse its discretion by failing to grant her an additional opportunity. Church's fifth assignment of error is without merit.
 {¶ 42} The judgment of the trial court is affirmed.
DONALD R. FORD and JUDITH A. CHRISTLEY, JJ., concur.
[1] State v. Unger (1981), 67 Ohio St.2d 65, syllabus.
[2] Id. at 67.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] State v. Unger, 67 Ohio St.2d at 67.
[5] State ex rel. Asbury v. Payne (1998), 82 Ohio St.3d 44, 48.
[6] R.C. 3119.22.
[7] . Baire v. Baire (1995), 102 Ohio App.3d 50, 54, citing R.C.3113.215(B)(4), (recodified as R.C. 3119.79(C)).
[8] Id.
[9] Williams v. Williams (2000), 88 Ohio St.3d 441, 443-444.
[10] Id. at syllabus.
[11] Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357,363.