OPINION
{¶ 1} Plaintiff, Crystal Derrick, appeals from a judgment of the domestic relations court that both overruled her objections to a magistrate's decision finding her in contempt and adopted the magistrate's decision. She presents a single assignment of error, which states:
 {¶ 2} "The Trial Court Erred In Violating Plaintiff's Due Process Rights Through Finding Her In Contempt Of Court In The Absence Of Proper Constitutional And Statutory Notice."
 {¶ 3} The contempt which the court found involved Plaintiff-Appellant's failure to comply with property division orders in her prior decree of divorce from Defendant-Appellee, Darnell A. Derrick.
 {¶ 4} Crystal[1] doesn't argue that the contempt finding was incorrect. Instead, she argues that she was deprived of her due process rights of notice and an opportunity to be heard because she was not served with the contempt charges or given notice of the hearing before the magistrate to determine them. It is undisputed that Crystal was absent from that hearing and was not represented.
 {¶ 5} Crystal made this same failure of notice claim the subject of her objections to the magistrate's decision. Her objection was supported by Crystal's affidavit in which she said she was not served.
 {¶ 6} Darnell filed a motion contra Crystal's objections. Darnell's motion was supported by an affidavit of Christa Southworth, who stated that she is an employee of Darnell's attorney and that, on February 26, 2002, she served a copy of the contempt charges and the notice of the hearsay to determine them on Crystal personally. The court's file contains a return of service executed by Christa Southworth.
 {¶ 7} The court denied Crystal's objections stating:
 {¶ 8} "Plaintiff alleged in her objections that she received no notice of the contempt proceedings. She alleged that she was not personally served as required by statute. However a review of the court records indicates that she was personally served on February 26, 2002 by the Montgomery County Sheriff's Office. The return of service was filed February 26, 2002. Therefore, plaintiff was personally served notice of the March 5, 2002 hearing."
 {¶ 9} Civ. R. 4.1(2) requires a process server who makes personal service to "endorse that fact on the process and return it to the clerk who shall make the appropriate entry on the appearance docket." The return creates a presumption that service was, in fact, made. Hatfieldv. Hatfield (July 20, 1993), Ross App. No. 1897. The presumption is not conclusive, however, and may be rebutted by other evidence.
 {¶ 10} Crystal's objection and affidavit statement presented the court with evidence which, on its face, contradicted the return of service in the court's file, and therefore might rebut its presumptions. The affidavit of the process server, Christa Southworth, could rebut Crystal's evidence.
 {¶ 11} Civ. R. 53(E)(4) permits the court to rule on objections to a magistrate's decision without taking further evidence. Therefore, the court is not required in every case to hold a hearing on objections.Baire v. Baire (1995), 102 Ohio App.3d 50. However, when an objection presents an issue of fact the magistrate didn't consider and couldn't consider, the court should conduct an evidentiary hearing to resolve the issue when it implicates constitutional or relevant statutory rights. An alleged failure of service in a post-decree domestic relations proceeding that results in a deprivation of liberty or property presents a due process claim. Cowgill v. Cowgill (February 7, 2003), Darke App. No. 02CA1587.
 {¶ 12} The trial court abused its discretion when it resolved the due process claim that Crystal's objection presented without an evidentiary hearing to determine the truth of the issues the objection presented. The assignment of error is sustained.
 {¶ 13} Having sustained the sole assignment of error, we will reverse the trial court's order adopting the magistrate's decision and remand for further proceedings on the objection to that decision that Plaintiff-Appellant Crystal Derrick filed.
FAIN, P.J. and YOUNG, J., concur.
[1] For clarity and convenience, the parties are identified by their first names.