MARTIN, APPELLEE, *v.* MARTIN, N.K.A. PAULOZZI, APPELLANT.

[Cite as *Martin v. Martin* (1993), 66 Ohio St.3d 110.]

(No. 92–399—Submitted February 2, 1993—Decided April 14, 1993.)

*A.P. Leary,* for appellee.

*Donna Ramsey–Caputo* and *Mary K. Bender,* Guardian *ad litem,* for appellant.

A. WILLIAM SWEENEY, J.   As noted by the court of appeals below, the precise issue certified is whether a trial court has jurisdiction to modify child support obligations in a joint custody or shared parenting [1] order in the absence of the consent of both parents under former R.C. 3109.04(B)(2)(b).   For the reasons that follow, we answer this query in the affirmative, and therefore reverse the judgment of the court of appeals below and reinstate the judgment of the trial court.

Research indicates that the statutes involved in this litigation, *i.e.,* former R.C. 3109.04 and 3113.215, have been amended several times by the General Assembly in the last few years.   The extent of the statutory amendments has been precipitated in part by the enactment of various federal guidelines pertaining to child support, such as the Family Support Act of 1988.   See Comment, Establishing and Enforcing the Child Support Obligation (1990), 19 Cap.U.L.Rev. 1169.

Appellee contends that pursuant to former R.C. 3109.04(B)(2)(b), a court may not modify a joint custody plan or order where one of the joint custodians does not agree to the modification.

That provision, as in effect at the time of the motion for, and the trial court's modification of, child support herein, provided as follows:

"The court may modify the terms of the plan for joint care, custody, and control approved by the court and incorporated by it into the joint custody decree upon the request of one or both of the joint custodians.   Modifications may be made under this division, in relation to a final decree, at any time, and in relation to a provisional decree, at any time prior to sixty days after the date of issuance of the provisional decree.   *The court shall not make any modification to the plan unless the modification is in the best interest of the children and the joint custodians agree to the modification.*   A modification to a provisional plan made under this division does not affect or extend the ninety-day period during which the provisional plan may be terminated upon motion of either parent or the court itself."   (Emphasis added.)

Subsection (D) of former R.C. 3109.04 provided in pertinent part:

---

1. Subsequent statutory enactments and revisions have discarded the term "joint custody" in favor of the term "shared parenting."   See, *e.g.,* R.C. 3109.04, effective April 11, 1991 (143 Ohio Laws, Part I, 111–127).

" * * * A plan for joint custody shall include provisions covering all factors that are relevant to the care, custody, and control of the children, including, but not limited to provisions covering factors such as * * * child support obligations * * *."

Clearly, the language of former R.C. 3109.04(B)(2)(b) contemplated that an order arising out of a joint custody plan not be subject to modification unless the proposed modification is in the best interests of the child or children *and* the joint custodians agree to the modification. Former R.C. 3109.04(D) states that the provisions of a joint custody plan include, *inter alia,* child support obligations. Given the foregoing statutory provisions, it would appear that the court of appeals below was correct in reversing the instant child support modification, inasmuch as the modification was not agreed to by both of the joint custodians. However, appellant points out, and the trial court below agreed, that former R.C. 3113.215(B)(4), enacted effective April 12, 1990 (143 Ohio Laws, Part IV, 5997–6018), appears to require court modification of child support where there exists a ten percent variation between the existing order and the child support guidelines set forth in former R.C. 3113.215. Former R.C. 3113.215(B)(4) provided in relevant part:

"If an obligor *or* obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, *the court shall recalculate* the amount of support that would be required to be paid under the support order *in accordance with the schedule and pursuant to the applicable worksheet,* through line 18, *and if that amount as recalculated is more than ten percent greater than or more than ten per cent less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation* from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet, through line 18, *shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order.* * * * If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, *the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet,* through line 18 * * *." (Emphasis added.)

In our view, the foregoing language makes the statute applicable to all child support orders, whether such order arose out of a joint custody plan or a sole or split custody order. However, given the language prohibiting modification

of joint custody plans absent the consent of both custodians in former R.C. 3109.04, we must endeavor to reconcile, if possible, this apparent statutory conflict.

In reconciling former R.C. 3113.215(B)(4) and 3109.04, we note the language of R.C. 1.51, which states that, "[i]f a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

Based on the foregoing rule of statutory construction, we believe that former R.C. 3109.04 and 3113.215 can both be given effect and harmonized, since the removal of a ten percent deficiency in an existing child support order vis-a-vis the child support guidelines would most certainly be in the best interests of the child. Even assuming, *arguendo*, that the statutes in issue are irreconcilable, former R.C. 3113.215(B), which was enacted in 1990, long after the latest applicable amendment to former R.C. 3109.04(B)(2)(b) and (D) in 1982 (see 139 Ohio Laws, Part I, 146–149), appears to be a special provision as opposed to the more general provisions of former R.C. 3109.04. R.C. 3113.215(B) would thus be viewed as an exception to the rule that joint custody plans may not be modified without the consent of both custodians.

As indicated above, the amount of child support under the child support guidelines should not be less simply because the child is the subject of a joint custody plan rather than a split or sole custody decree. In construing the statutory provisions in issue, we believe the General Assembly intended this type of interpretation. Moreover, we are persuaded by the cogent reasoning of the Clermont County Court of Appeals in *Miller, supra*, which noted the preamble to the legislation under review herein and stated: "The Child Support Guidelines promulgated under C.P.Sup.R. 75 have recently been repealed to be replaced by Amended Substitute House Bill No. 591, the preamble to which states that its purpose is to 'require the Guidelines to be used in joint custody cases.' This clearly indicates an intent by the legislature to give children cared for jointly the same child support advantages as children subject to single parent custody."

In addition, we find merit in appellant's contention that from a practical standpoint, the requirement that modification of child support under a joint custody plan be with both custodians' consent under all circumstances will likely discourage parents from entering into such plans, for fear that the child support will not be modifiable short of terminating the entire joint custody plan.

In any event, we believe our interpretation *sub judice* harmonizes the apparent conflict in the instant statutory provisions in a manner that is most consistent and fair to all parties involved, especially as it relates to the best interests of the child. Moreover, we note that this interpretation is consistent with the intent of the General Assembly in its enactment and revision of the child support guidelines in 1991.[2]

Therefore, we hold that notwithstanding the proscription on modification of a joint custody order absent the consent of both custodians under former R.C. 3109.04(B)(2)(b), a trial court may modify a child support obligation under a joint custody plan without the consent of both custodians, pursuant to the ten percent variation exception set forth in former R.C. 3113.215(B)(4).

Accordingly, the judgment of the court of appeals is reversed, and the judgment of the court of common pleas is hereby reinstated.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., concurs in judgment only.

---

2. The subsequent revision to R.C. 3109.04, effective April 11, 1991, underscores our conclusion in this case. Current R.C. 3109.04(A)(2) clarifies the intent of the General Assembly by providing in relevant part:

"* * * The child support obligation of the parents under a shared parenting order issued under this division shall be determined in accordance with section 3113.215 of the Revised Code."