SANTANTONIO, Appellant,

v.

SANTANTONIO, Appellee.

[Cite as *Santantonio v. Santantonio* (1993), 88 Ohio App.3d 201.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005460.

Decided June 9, 1993.

*Mark E. Stephenson,* for appellant.

*Allen Spike* and *Teresa James,* for appellee.

BAIRD, Judge.

This cause comes before the court upon the appeal of Diana S. Santantonio from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, holding that it was without jurisdiction to modify a child support award contained within an agreed joint custody plan. The parties agreed to the plan in 1987, before the legislature amended the joint custody (R.C. 3109.04) and child support (R.C. 3113.215) statutes.

In 1987, Diana S. Santantonio ("wife") and Rocky Santantonio ("husband") agreed to a joint custody plan which incorporated child support provisions. Their plan was adopted as an order of the trial court. In 1992, wife moved to modify a child support provision to reflect husband's increased income and the Uniform Child Support Guidelines, which were adopted after the original plan. Husband did not agree to the modification. The trial court held that it was without jurisdiction to modify any provisions of the joint custody plan except by agreement of the parties. Wife appeals and asserts a single assignment of error.

## Assignment of Error

"The trial court erred in determining that it was without jurisdiction to modify the child support award in an agreed shared parenting plan, where one of the parties objected to the proposed modification."

Under the joint custody statute, child support provisions can be modified only if: (1) the modification is in the best interest of the children; and (2) both parties agree to the modification. R.C. 3109.04(B)(2)(b). The Uniform Child Support Guidelines provide that a ten percent difference in recalculated child support constitutes a substantial change which requires modification of the existing order. R.C. 3113.215.

Husband and wife cite appellate case law which comes down on both sides of the issue as to whether the trial court has jurisdiction to modify child support

obligations in a joint custody order, absent an agreement by both parties. Both parties also argue that, under principles of statutory construction, one or the other of the frequently amended statutes contains general versus specific provisions which prevail in this dispute.

In a decision handed down after the present case was decided by the trial court, the Supreme Court of Ohio resolved the dilemma as follows:

"Notwithstanding former R.C. 3109.04(B)(2)(b), a trial court may modify a child support obligation under a joint custody plan without the consent of both custodians pursuant to the ten percent variation exception set forth in former R.C. 3113.215(B)(4)." *Martin v. Martin* (1993), 66 Ohio St.3d 110, 609 N.E.2d 537, syllabus.

In its opinion, the Supreme Court found that both provisions can be "given effect and harmonized" since removing a ten percent deficiency in child support would certainly be in a child's best interest. *Id.* at 114, 609 N.E.2d at 540. Nonetheless, even if the statutory provisions were irreconcilable, the court found the child support guidelines "an exception to the rule that joint custody plans may not be modified without the consent of both custodians." *Id.*

In addition to statutory construction considerations, the Supreme Court addressed public policy issues. The court found that (1) children cared for jointly should enjoy " 'the same child support advantages as children subject to single parent custody' "; and (2) parents would be discouraged from entering into joint custody plans for fear that child support obligations will not be modifiable unless the entire plan is terminated. *Id.*

In view of the *Martin* decision, we find wife's assignment of error well taken. The judgment of the trial court is reversed and the cause is remanded to the trial court for action in conformity with this opinion.

*Judgment reversed*
*and cause remanded.*

COOK, P.J., and DICKINSON, J., concur.