[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal of a Union County Common Pleas Court, Domestic Relations, decision modifying child support. For the following reasons, we affirm that decision.
Kenneth Stewart ("appellee") and Scarlett Stewart ("appellant") filed a Petition for Dissolution of their marriage on March 12, 1993. The Union County Common Pleas Court granted that petition on April 14, 1993. In its judgment entry, the trial court incorporated the parties' shared parenting plan.
Then, on July 24, 1996, appellant filed a motion to modify the shared parenting plan. In that motion, she requested a modification of child support.
Appellant subsequently dismissed her petition on October 1, 1996. However, she refiled her modification motion on November 6, 1996.
A hearing on appellant's second motion was held on April 28, 1997. On that date, the trial court denied appellant's motion to modify the shared parenting plan. Additionally, the trial court found appellee in contempt for nonpayment of child support, health insurance and medical bills. Therefore, the trial court increased appellee's child support payments an additional $15.00 a month.
On July 24, 1997, the Union County Child Support Enforcement Agency filed a motion to modify appellee's child support obligation. The trial court held a hearing on that motion on September 19, 1997.
On November 13, 1997, the trial court issued its decision. In its journal entry, the trial court found that a change in circumstances had occurred. Therefore, it modified appellee's child support obligation and gave him credit for the time he spends with the children.
It is from that judgment appellant now appeals the following seven assignments of error.
 ASSIGNMENT OF ERROR NO. 1 The trial court abused its discretion by ignoring the intent and agreement of parties in their Shared Parenting Plan and improperly considered the amount of time in the Appellee's Companionship schedule so as to created [sic] a deviation and reduction of the appellant's child support award from what would be calculated for the basic child support award under the Ohio Child Support Guidelines.
 ASSIGNMENT OF ERROR NO. 2 The trial court abused its discretion by failing to follow Ohio Revised Code Section 3113.215, et seq., and all other applicable sections of the Ohio Revised Code, in making a deviation from the basic child support award.
 ASSIGNMENT OF ERROR NO. 6 The trial court abused its discretion and held against the manifest weight of the evidence by reducing her child support award and by failing to increase her child support to the amount required for the basic child support obligation as calculated under the Ohio Child Support Guidelines.
 ASSIGNMENT OF ERROR NO. 7 The trial court abused its discretion in the manner by which it determined the periodic basis for the payment of child support.
In her first, second, sixth and seventh assignments of error, appellant argues that the trial court erred in modifying the existing child support obligations under the original shared parenting plan. Therefore, we will consider those four assignments of error together.
Trial courts may modify shared parenting plan child support obligations without the consent of both parties when there is a ten percent variance in the changed amount.[1] Martin v.Martin (1993), 66 Ohio St.3d 110, 115. In the present case, the trial court found that a change of circumstances had occurred regarding the parties' employment.
According to the recalculated child support worksheet attached to the November 13, 1997 judgment entry, appellee was now earning approximately $5,960.00 more a year. Additionally, appellant, who had been earning $30,000.00 a year, had since become unemployed. Consequently, the trial court found that she now earned approximately $16,016.00 in unemployment compensation. Therefore, the trial court found that a substantial change of circumstances affecting both parents' child support obligations had occurred.
The change in the parties' respective salaries resulted in a more than ten percent variance in the amount of child support required to be paid in this case. Accordingly, we find that the trial court had the authority to modify the parties' child support obligations pursuant to R.C. 3113.215(B)(4).
Additionally, the trial court must comply with R.C. 3113.215
when determining the proper amount of child support. Marker v.Grimm (1992), 65 Ohio St.3d 139, 143. In particular, R.C.3113.215(B)(6)(a) applies to child support under shared parenting plans. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 389.
Pursuant to R.C. 3113.215(B)(6)(a), a court may consider the amount of time the children spend with each parent in deciding whether to deviate from the set child support guidelines. SeeLaLiberte v. LaLiberte (1995), 105 Ohio App.3d 207, 212 (holding that trial courts may consider the amount of time spent with each parent when modifying child support). However, R.C.3113.215(B)(6) does not provide for an automatic credit in child support obligations under a shared parenting plan. Pauly, supra, at 389. Instead, a court is to evaluate each case on its merits and deviate only when it finds that it is in the best interests of the child to do so. Id.
In the present case, the record indicates that the trial court properly considered the amount of time the children spent with each parent, each parent's expenses, and the ability of each parent to adequately care for the children. See R.C.3113.215(B)(6)(b). The court found that both appellant and appellee had experienced salary changes since the original support order. Moreover, it was undisputed that the children spent equal time with both parents during the week.[2] Finally, the court found that appellee pays $2,517.00 per year for the children's health care insurance.
Therefore, under these circumstances, we find no abuse of discretion in the trial court's decision to deviate from the child support guidelines. Accordingly, we overrule appellant's first, second, sixth, and seventh assignments of error.
 ASSIGNMENT OF ERROR NO. 3 The trial court abused its discretion by ordering a deviation of child support from the basic child support obligation when such relief was outside the scope of the appellee's motion for relief.
In her third assignment of error, appellant contends that since appellee did not specifically request a deviation from the child support guidelines, the trial court was without jurisdiction to grant such relief.
In his motion for relief, appellee requested:
 I. An Order obligating the Petitioner to pay child support in an amount calculated pursuant to the Ohio Child Support Guidelines, using the current information for each of the parties; * * *
 III. An Order for all other fair and equitable relief to which the Movant may be entitled.
In fashioning an appropriate child support order, the trial court must follow the provisions contained in R.C. 3113.21 through3113.219. Eickelberger v. Eickelberger (1994), 93 Ohio App.3d 221,223. R.C. 3113.215(B)(6) specifically allows trial courts to deviate from the child support guidelines if it finds that the amounts would be unfair to the children or either parent and would not be in the children's best interest because of extraordinary circumstances.
Further, R.C. 3113.215(B)(6)(b) defines "extraordinary circumstances" as the amount of time each parent spends with the children, the ability of each parent to provide adequate housing and each parent's expenses. We have previously found that the trial court properly considered each of the R.C. 3113.215(B)(6)(b) factors. Additionally, we have found that the trial court did not err in electing to deviate from the child support guidelines in the present case.
Therefore, we overrule appellant's third assignment of error.
 ASSIGNMENT OF ERROR NO. 4 The trial court abused its discretion by entertaining a motion brought by, but outside the authority of the Union County Child Support Enforcement Agency; and which motion was not properly before the trial court as no administrative determination had yet been made and the request was outside their authority.
In her fourth assignment of error, appellant maintains that the Union County Child Support Enforcement Agency improperly brought a motion for modification of child support on behalf of appellee.
R.C. 3113.216(B) requires the department of human services to adopt rules establishing a procedure for determining when existing child support orders should be reviewed to determine whether the order should be changed. Therefore, the department of human services adopted Ohio Administrative Code 5101:1-32-15.
Pursuant to Ohio Administrative Code 5101:1-32-15(C), a parent may request the child support enforcement agency to review that parent's current child support obligation. In deciding whether to modify the current obligation, the agency must use the Ohio child support guidelines contained in R.C. 3113.215. O.A.C.5101:1-32-15(B)(1). Moreover, if the agency cannot set the proper amount of support without deviating from the guidelines set forth in R.C. 3113.215, the agency shall bring an action on behalf of the parent who requested the administrative review in the appropriate court. O.A.C. 5101:1-32-15(B)(2); In the Matter of Krusev. Penniger (Dec. 1, 1995), Lucas App. No. L-95-029, unreported.
In the present case, appellee contacted the Union County Child Support Enforcement Agency on July 12, 1996. He requested a review of his current child support obligation. However, the agency stayed the review when appellant filed her Motion for Modification of Shared Parenting Plan on July 24, 1996.
On September 29, 1996, appellee again asked the agency to review his child support obligation. The agency review was again stayed due to appellant's filing a Motion for Contempt and Modification on November 6, 1996.
The trial court ruled on appellant's motion on April 28, 1997. Therefore, the agency conducted a review of appellee's existing child support obligation. The agency found that a change of circumstances had occurred entitling appellee to a modification. Consequently, on July 24, 1997, the agency filed a motion for modification on appellee's behalf.
We find that the agency properly complied with the relevant sections of the Ohio Revised Code and the Ohio Administrative Code. Therefore, we find that the agency was a proper party to bring this action.
Accordingly, we overrule appellant's fourth assignment of error.
 ASSIGNMENT OF ERROR NO. 5 The trial court abused its discretion by modifying child support and deviating from the basic child support obligation of the appellee in reviewing an alleged change of circumstances under the wrong time period, and when the issue becomes res judicata.
In her fifth assignment of error, appellant is essentially arguing that the trial court lacked jurisdiction to consider any changes that had occurred before April 28, 1997 as those changes had become res judicata.
We begin our analysis by noting that a domestic relations court retains continuing jurisdiction over both the subject matter and the parties. See Carson v. Carson (1989), 62 Ohio App.3d 670,672 (domestic relations courts retain jurisdiction to modify dissolution decrees with respect to matters of child support);Cooper v. Cooper (1983), 10 Ohio App.3d 143, 144 (divorce courts retain jurisdiction to modify previous child support order). Additionally, R.C. 3113.215(B)(4) grants courts the authority to modify child support based on a change of circumstances. Therefore, we hold that the trial court here had proper jurisdiction over this matter.
Further, the record indicates that prior to the September 19, 1997 hearing, appellee had recently started a new job that increased his original salary by approximately $5,960.00 more a year. Additionally, the trial court stated on the record that it was considering the parties' salaries as of September 19, 1997.
Finally, we note that there had been no prior hearing on the merits of appellee's modification motion. Although previous modification motions had been filed, the trial court had dismissed those motions on procedural grounds rather than deciding the issues raised. Therefore, contrary to appellant's assertions, the issues raised in appellee's July 24, 1997 modification motion were not res judicata.
Accordingly, we find that the trial court did not abuse its discretion in modifying the child support in the present case. We therefore overrule appellant's fifth assignment of error.
For the aforementioned reasons, we affirm the November 13, 1997 Union County Common Pleas, Domestic Relations, decision modifying child support.
Judgment affirmed.
 SHAW, P.J., and EVANS, J., concur.
[1] R.C. 3113.215(B)(4) provides, in pertinent part,:
 * * * the court shall recalculate the amount of support that would be required to be paid under the support order * * * and if the amount recalculated is more than ten percent greater than or more than ten percent less than the amount of child support that is required to be paid * * * the deviation from the recalculated amount * * * shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order * * *
[2] Specifically, the trial court found that appellee had the children with him for fifty percent of the time during each week.