OPINION
Appellant, Jerry Tressler, appeals from the magistrate's decision and judgment entry filed September 14, 1998 which ordered him to pay child support to appellee, Vicki Tressler n.k.a Stahler.
The parties were granted a dissolution of marriage in 1981. The judgment dissolving the parties' marriage incorporated the terms of their separation and property settlement agreement. This agreement stated, in pertinent part, that appellant's child support obligation for the parties' minor son "shall continue until the child reaches the age of eighteen (18) or is sooner emancipated, which ever [sic] event shall first occur."
Thereafter, on July 25, 1997, Defiance County Child Support Enforcement Agency filed a motion to modify the child support obligation because appellant had custody of the child involved. At a hearing before the magistrate, neither party was represented by counsel. On September 12, 1997, the trial court entered judgment based on the magistrate's decision. The court ordered that appellant be designated the residential parent and that his support obligation was terminated as of July 31, 1997. The trial court also ordered appellee to pay child support. In addition, the court's entry states in paragraph seven that:
 The child support obligation established herein shall continue until the child attains the age of eighteen (18), graduates from high school or otherwise becomes emancipated whichever occurs last subject to the continuing jurisdiction of this court[.]
On March 17, 1998, appellee filed a motion for change of custody. In her motion, she stated that the parties' child attained the age of eighteen on January 10, 1998 and was a junior in high school. Prior to the commencement of the magistrate's hearing held on appellee's motion, the parties and their attorneys reached an agreement or compromise as to all relevant issues which was set forth on the record. In particular, the parties agreed that appellant would pay child support for their son until December 31, 1998.
On September 10, 1998, appellant through his new attorney filed a response to appellee's motion. Appellant argued that pursuant to the parties' separation agreement, his child support obligation should have terminated when the child reached eighteen. The magistrate's decision and judgment entry filed September 14, 1998 included a statement that the parties have agreed upon all pending issues. Apparently as a result of that agreement, a court order was entered designating appellee the residential parent and legal custodian of the parties' child and ordering appellant to pay child support to her until December 31, 1998, unless he should owe any arrearages on that date.
Appellant now appeals and raises two assignments of error. For his first assignment of error, he asserts:
 The trial court committed a prejudicial and reversible error of law by imposing upon appellant a child support obligation after the parties' son's 18Bth birthday when the parties' unmodified original separation agreement provided that all child support to be paid for said child was to terminate at the time of his 18Bth birthday and said separation agreement pre-dated the enactment of O.R.C. Sections 3113.215-3113.218
as well as O.R.C. 3109.05(E).
Appellant argues that the separation agreement of the parties was binding as to the termination of child support payments on the date of the child's eighteenth birthday, and thus, the trial court erred by imposing a later date for terminating his support obligation.
A trial court retains continuing jurisdiction to modify the separation agreement incorporated into the decree of dissolution as to matters "pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation of a residential parent and legal custodian of the children, to child support, and to visitation." R.C. 3105.65(B); In re Whitman (1998), 81 Ohio St.3d 239, 241. The trial court's continuing jurisdiction over the modification of child support is invoked by motion, as it was in this case. State ex rel. Lanier v. Rozzi (Mar. 4, 1998), Medina App. No. 2662-M, unreported, at *1. The trial court in this case clearly had the jurisdiction to modify the provisions of its original decree to designate appellant as the residential parent of the minor child and to require appellee to pay child support. Thus, the instant case does not involve appellant's child support obligation under the terms of the separation agreement. Rather, our review of the record indicates it concerns the trial court's modification of the subsequent order for custody and support based upon a compromise agreement between the parties.
In his brief, appellant then raises the issue that the record shows he did afterwards oppose his obligation to appellee under the terms of the compromise agreement. Appellant also contends that there had been no determination of a substantial change in circumstances of the parents as required by R.C. 3113.215(B)(4).
Since April 12, 1990, the effective date of R.C. 3113.215, trial courts have been required to calculate child support obligations in accordance with a detailed child support schedule and worksheet outlined in the statute. DePalmo v. DePalmo (1997),78 Ohio St.3d 535, 538. When modifying the amount of a preexisting child support order, the substantial change of circumstances test set forth by R.C. 3113.215(B)(4) applies. Id. at 539-540. Amended R.C. 3109.05(E),[1] effective January 1, 1998, further provides that:
 (E) Notwithstanding section 3109.01 of the Revised Code, if a court issues a child support order under this section, the order shall remain in effect beyond the child's eighteenth birthday as long as the child continuously attends on a full-time basis any recognized and accredited high school or the order provides that the duty of support of the child continues beyond the child's eighteenth birthday. Except in cases in which the order provides that the duty of support continues for any period after the child reaches age nineteen, the order shall not remain in effect after the child reaches age nineteen. * * *
In DePalmo at 540, the Ohio Supreme Court considered an agreement between parents by indicating that the trial court has the obligation to test any proposal of the parents to see if it meets the Child Support Guidelines even if the parties agree between themselves to a different amount or agree that only one party shall assume all support. As the court stated:
 The law favors settlements. However, the difficult issue of child support may result in agreements that are suspect. In custody battles, choices are made, and compromises as to child support may be reached for the sake of peace or as a result of unequal bargaining power or economic pressures. The compromises may be in the best interests of the parents but not of the child. Thus, the legislature has assigned the court to act as the child's watchdog in the matter of support. [Martin v. Martin (1993), 66 Ohio St.3d 110, 115].
In the instant action, the parties reached a compromise agreement fixing the termination of appellant's child support obligation on December 31, 1998. The record also reflects that the amount of his support obligation was calculated using the worksheet outlined in R.C. 3113.215. The parties' son turned eighteen on January 10, 1998, and appears to have been a junior in high school. Frankly, this court has some reservation about the authority of the legislature to compel "child" support for an adult beyond the age of majority. Nevertheless, the compromise agreement in this case is consistent with the pertinent provisions of the Revised Code. In fact, a closer examination of the date of the child's birthday, reveals that R.C. 3109.05(E) would require that appellant's child support obligation remain in effect until January 10, 1999, the date of the child's nineteenth birthday. Consequently, appellant has failed to show that the trial court abused its discretion by imposing the terms of the parties' compromise agreement. Appellant's first assignment of error is therefore overruled.
For his second assignment of error, appellant asserts:
 Appellant's counsel at the May 22, 1998, hearing below, by failing to properly advise appellant that, pursuant to the parties' separation agreement, he had no obligation to pay child support after January 10, 1998, the date of the parties' son's 18Bth birthday, denied appellant the effective assistance of counsel.
Appellant asserts that he was denied the effective assistance of counsel using the test in Strickland v. Washington (1984),466 U.S. 668. However, as appellee points out, there is no constitutional right to counsel in a domestic relations matter. See Hogle v. Hogle (Mar. 2, 1998), Fairfield App. No. 97-CA-9, unreported, at *3; Guendelsberger v. NG (Dec. 30, 1999), Hardin App. No. 6-93-4, unreported. Appellant has not presented any authority to rebut this proposition. Appellant's second assignment of error is not well taken and is overruled.
Accordingly, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.
[1] The parental duty of support provided in R.C. 3103.03(B) was also amended in January 1998 to codify the limitation on "age nineteen" found in R.C. 3109.05(E).