OPINION
Appellant, Dale G. Thompson, appeals from the judgment of the Lake County Court of Common Pleas, granting appellee Beverly A. Thompson's motion for judgment entry nunc pro tunc.
The parties were married on May 19, 1979 and had two children during their marriage: Dale G., Jr., born on August 10, 1979, and Ryan D., born on March 18, 1983. They were granted a dissolution of their marriage on May 22, 1987.
At the time of the dissolution hearing, the trial court reviewed the incomes of the parties and concluded that $35 per week, per child, the amount of child support provided in the parties' joint custody plan, did not meet the child support guidelines and determined that appellant's child support obligation be set at $40 per week, per child, plus poundage.
In his judgment entry joining appellant's employer, Slabe Machine Products, Co., per Civ.R. 75(B)(3), and ordering it to withhold child support from his weekly check, the trial judge crossed out the figure of $71.40, the total amount of appellant's weekly child support obligation. The judge replaced that figure with the figure of $81.60 to reflect the $5 per week, per child change in the amount of child support; however, the judge failed to make the same correction on the parties' joint custody plan, which became part of the final joint custody decree.
On October 15, 1996, appellant filed a motion to modify child support and for appropriate disposition of overpayments made on child support. He alleged that modification was necessary due to a significant change of circumstances and that due to some "procedural snafu," he has been paying child support in the amount of $40 per week, per child since 1987, when he was ordered to pay only $35 per week, per child.
On November 22, 1996, appellee filed a motion for judgmentnunc pro tunc to correct the joint custody decree to reflect the child support order of $40 per week, per child. On August 14, 1997, the magistrate decided, inter alia, to grant appellee's motion for judgment nunc pro tunc. On August 21, 1997, appellant filed an objection to the magistrate's decision, alleging that the magistrate erred by granting appellee's motion for judgment nuncpro tunc. On October 3, 1997, the trial court overruled appellant's objection to the magistrate's decision and ordered that appellee's motion for judgment nunc pro tunc be granted.[1] From this judgment, appellant assigns the following error:
 "The trial court erred in granting the motion for judgment entry nunc pro tunc."
Appellant contends that the trial court's entry filed October 16, 1997 did not constitute a proper nunc pro tunc entry because its purpose was to make the record reflect an improper amendment to the parties' provisional joint custody decree filed May 22, 1987, rather than to correct a clerical mistake. He maintains that in May of 1987, the trial court modified the provisional joint custody decree to mandate that appellant pay weekly child support of $40 per child instead of $35 per child. He claims that this modification was improper, citing Martin v. Martin
(1993), 66 Ohio St.3d 110, 113, 609 N.E.2d 537, for the proposition that former R.C. 3109.04(B)(2)(b), the law in effect at the time of the parties' dissolution, required that a child support order arising out of a joint custody plan cannot be modified by a court unless both custodians agree to the modification. Appellant contends that he did not agree to an increase in child support; therefore, the trial court erred by changing his child support obligation from $35 per week, per child to $40 per week, per child.
We cannot say that the trial court abused its discretion by granting appellee's motion for judgment nunc pro tunc. A review of the record in this case reveals a discrepancy between the amount of child support that appellant was ordered to pay in the joint custody plan and the amount of child support that appellant's employer was ordered to withhold from his paycheck. The transcript of the dissolution hearing contains the following discussion between the trial court and Mr. O'Flaherty, appellant's attorney:
 "THE COURT: As I told Mr. O'Flaherty, the amount of support that would meet the guidelines here is anywhere in the area of 40 to $47.00 per week, depending on how much actual time Mr. Thompson was putting in by watching the kids. And that's because I couldn't figure it out, so I had to take the high and the low, and you folks come up with that every Sunday deal, which puts it on the lower end, which I think it's 41 bucks or something like that I think is the appropriate amount. You discussed that with him?
 "MR. O'FLAHERTY: That's my figures I calculated and I've discussed it with him, yes, your Honor.
 "THE COURT: O.K. It's 40 a week then per child, and that means an 80 order out of Slabe * * *."
This conversation demonstrates that the trial court determined that appellant was obligated to pay $40 per week, per child in support.
"Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments." State ex rel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97,100, 671 N.E.2d 236. "Clerical mistakes" are mistakes or omissions, which are mechanical in nature and apparent on the record, and do not involve either a legal decision or a judgment.Id. A court may amend a judgment nunc pro tunc to reflect the actual decisions reached by the court. These amendments "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." Id., citing State ex rel. Fogle v.Steiner (1995), 74 Ohio St.3d 158, 163-164, 656 N.E.2d 1288.
Appellant relies solely on Martin to support his contention that the trial court erred by changing the amount of his child support obligation; however, Martin does not support this contention. In Martin, the Ohio Supreme Court held that "notwithstandingformer R.C. 3109.04(B)(2)(b),[2] a trial court may modify a child support obligation under a joint custody plan without the consent of both custodians pursuant to the ten percent variation exception set forth in former R.C. 3113.215(B)(4)."Martin at syllabus. The court reasoned that both parties do not need to consent to a modification when there is a ten perect variation because children cared for jointly should have the same child support advantages as children subject to single parent custody.Martin at 114. Citing Martin, the court has declared that "[t]he trial court also has the obligation to test any proposal of the parents to see if it meets the Child Support Guidelines * * * even if the parties agree between themselves to a different amount * * *."DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, 540, 679 N.E.2d 266.
In the instant case, the trial court merely did what it was obligated to do. Because the amount of child support included in the parties' joint custody decree fell below the child support guidelines, the trial court ordered appellant to pay $40 per week, per child, instead of $35 per week/per child; the trial court's only mistake was forgetting to change the joint custody decree to conform to what it had ordered. This clerical error was properly corrected by the issuance of a judgment nunc pro tunc.
Appellant's assignment of error has no merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Division of Domestic Relations, is affirmed.
 __________________________________________ JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J., concur.
[1] On October 16, 1997, a judgment nunc pro tunc was filed.
[2] Former R.C. 3109.04(B)(2)(b) provided, in part: "[t]he court shall not make any modification to [a joint custody] plan unless the modification is in the best interest of the children and the joint custodians agree to the modification."