DECISION AND JUDGMENT ENTRY
This is an appeal from the Jackson County Court of Common Pleas. The parties were divorced and the trial court put on an entry determining a division of property, child support and spousal support. Defendant William S. Cole appeals designating eleven assignments of error. The assignments of error will be treated not in the order presented in Appellant's brief since, for example, the claims of error relating to child support and spousal support depend to some extent on the claim of error relating to income.
The standard of review for the determinations made in divorce cases is generally the abuse of discretion standard.
The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), Ohio St.3d 217. Malone v. Courtyard by Marriott L.P., 1996,74 Ohio St.3d 440.
As with all cases, the resolution of a question of fact is for the trial court, and in the absence of an abuse of discretion or an overwhelming weight of evidence against it, that factual determination will not be disturbed on appeal. Booth v. Booth (1989), Ohio St.3d 142.
We shall begin with assignment of error IX.
 The trial court erred in finding that husband is presently earning One Hundred Sixty-Seven Thousand Dollars plus ($167,000+) from his law practice on an annual basis.
We note that appellant does not claim that the trial court failed to use and follow the child support worksheets as required by R. C. Chapter 3113 and the holding in Marker v. Grimm, 1992, 65 Ohio St.3d 139 . Nor does he argue that the averaging of income as provided for in R. C.3113.215 (B) 5, (h) is not applicable here. Rather appellant argues that the averaging was not reasonably accurate because it included only the years 1997 and 1998, and did not include 1996.
In March, 1996, appellant withdrew from the partnership of Ochsenbein, Cole and Lewis, and entered the partnership of Cole and Lewis. In 1996, appellant made $56,442. In 1997, his income was $139,343., and in 1998 $191,916. We accept fully appellant's argument that a practicing lawyer's income may vary from year to year, but even at that we do not find the trial court erred. One would anticipate that a new partnership may take some time to get established. The 1996 income may not be representative of the true income potential of the new partnership. Indeed, one would expect the purpose of the new partnership was to make more money. If, as argued, that 1998 was a particularly good year which skews the average, appellant has the right under the holding in Martin v. Martin, 1993,66 Ohio St.3d 110, to seek a modification. However, we cannot hold the trial court abused its discretion by not including the year 1996 in calculating the average.
Assignment of Error IX is not well taken and is overruled.
Assignment of Error I.
The trial court erred in failing to impute income to the wife for purposes of calculating child support.
R. C. 3113.215(A)(5) provides in part:
 Potential income means * * * for a parent that the court * * * determines is voluntarily unemployed or voluntarily underemployed:
 "(a) The income that the court determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides.
In calculating and awarding child support the trial court must include potential income as part of the parent's gross income whenever the court determines the parent to be voluntarily unemployed or underemployed. Potential income that is imputed to the parent is to be calculated based upon the amount the parent would have earned if he or she had been fully employed. R.C. 3113.215(A)(5)(a). The exact amount depends on the parent's employment potential and probable earnings based on the parent's recent work history, job qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides.
Whether income should be imputed is a decision for the trial court, and that decision will not be disturbed on appeal in the absence of an abuse of discretion. Rock v. Cabral, 1993, 67 Ohio St.3d 108, holds, at p. 110,
 "Whether a parent is "voluntarily underemployed" within the meaning of R.C.3113.215(A)(5), and the amount of "potential income" to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case. The determination will not be disturbed on appeal absent an abuse of discretion".
Appellant argues that the court abused its discretion in failing to impute income, but the decision is not arbitrary, capricious or unreasonable. It seems clear that it is Plaintiff's intent to return to college and get her degree. In today's society, the degree is almost thesine qua non to making a good living. In her chosen field of teaching, it is just that. It is also clear that she will be getting her degree just about the time both children are in college. The decision to not impute income to a student, even an older student, or to not characterize furthering ones education and employability as voluntary underemployment is not an abuse of discretion.
Assignment of Error I is not well taken and is overruled.
For much the same reason, we find Assignment of Error X is not well taken.
 Assignment of Error X. The trial court erred in awarding plaintiff/appellee spousal support for a period of four (4) years at the rate of Two Thousand Dollars ($2,000.00) per month, as the trial court had not yet completed an equal nor equitable division of property and the award of spousal support was unreasonable, arbitrary or unconscionable as defendant/appellant has insufficient income to pay the debt and support ordered by the court.
This claim of error asserts two grounds; the first being that there has been no final division of property. We reject that claim as shall be seen in our discussion of subsequent assignments of error. The second is that award of spousal support is excessive.
For a marriage of this length and in light of the standard of living enjoyed by the parties during the marriage the allowance of $2,000 a month for four years is not on its face unreasonable. Even Appellant does not claim that it is. Rut rather he asserts that in light of child support and other obligations, it is excessive because it is beyond his ability to pay.
The annual amount of child support ordered is $23,359.68. The payment of spousal support is $24,000 and is tax deductible. The monthly payments of $2,081.87 along with the substantial mortgage payment will no doubt cause appellant to make adjustments in his style of living. Such adjustments are common after a divorce, and most parties have to take steps so that outgo equals income. We do not find that the trial court abused its discretion in the award of this amount of spousal support for four years.
Assignment of Error X is not well taken and is overruled.
Assignment of Error II.
 The trial court erred in ordering the parties' tangible personal property to be divided by alternate selection with no regard to the values of the items. The trial court further erred by refusing to establish, by factual findings, the values of the parties' tangible personal property in the nature of household furnishings and contents and by failing to enter written findings of fact as to why the division is equitable but not equal.
In this assignment of error appellant claims that the court failed to determine the value of the parties personal property and then failed to make an equitable distribution. There is no question that a trial court must do both. Blakemore v. Blakemore, supra, Cherry v. Cherry, 1981,66 Ohio St.2d 348. However, the record in this case belies this claim of error.
In its final entry the court first excluded some items from the division of property finding some to have been purchased by appellant after the separation and finding others to be his premarital property. Then in its entry, the court made reference to the appraisal of Terry Lloyd which listed almost 500 items and set a value of $40,714. To be sure, the court did not explicitly accept the value of the Lloyd appraisal, but in ordering that alternate selection be used to take items from that list the court implicitly adopted the appraiser's valuation.
There is no reason to find, and appellant cites no authority, that the alternative selection method is inequitable per se. Nor is there any reason to find that the results of the alternative selection in this case is inequitable. Appellant offers nothing to establish that the value of the property selected by the appellee is greater than that selected by him. This court notes that because the value of any item is often a highly subjective matter, alternative selection may be the most equitable arrangement since each party can acquire that property most valued without reference to fair market value.
Assignment of Error II is not well taken and is overruled.
Assignments of Error V, VI, VII and VIII shall be treated jointly.
Assignment of Error V. The trial court erred in finding marital equity in the 1999 suburban motor vehicle in the amount of thirty thousand dollars ($30,000.00).
Assignment of Error VI. The trial court erred in failing to require wife to provide an accounting of Broadway Shoes and in ordering husband to pay all the debt of Broadway shoes.
Assignment of Error VII. The trial court erred in finding that husband received all the equity in the "Duplex" real estate since husband owns only a one-half (1/2) interest in the "Duplex" real estate.
Assignment of Error VIII. The trial court erred in finding that husband's one-half (1/2) of the fixed assets, building, and retained earnings in the law partnership total One Hundred Sixty-Seven Thousand Five Hundred Seventy Dollars ($167,570.00) less the Fifty-Seven Thousand Six Hundred Eighty-Three Dollar ($57,683.00) mortgage shown on Exhibit AA.
Each of these assignments of error raises what is essentially a weight of the evidence or sufficiency of the evidence question. That is, appellant asserts that the court was mistaken when it arrived at the values it gave to the various assets.
When a party asserts that the finding is against the manifest weight of the evidence, he must demonstrate that the evidence could lead to only one conclusion and that conclusion is contrary to the judgment. When addressing the sufficiency of the evidence, the focus is all of the evidence presented by either party. Reversible error occurs when there is insufficient evidence to sustain the judgment or when the evidence for the judgment is so substantially outweighed by all the evidence contrary, that the judgment cannot be reasonably sustained.
Judgments supported by some competent, credible evidence going to all the elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Masitto v. Masitto
(1986), 22 Ohio St.3d 63. We are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. In reviewing a claim that a judgment is against the manifest weight of the evidence, we will not substitute our judgment for that of the trial court.
The standard of review for questions of fact on appeal is whether the record contains sufficient competent, credible evidence going to all the essential elements of the case to support the trial court's judgment.Vogel v. Wells (1991), 57 Ohio St.3d 91. Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, explains the reason for this rule at p. 80:
 The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. The interplay between the presumption of correctness and the ability of an appellate court to reverse a trial court decision based on the manifest weight of the evidence was succinctly set forth in the holding of this court in C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, `Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.'
Appellant objects to the value placed on the Suburban motor vehicle, but this is a question of fact — and a question compounded by the fact that it was titled in the name of the Lewis and Cole partnership. We would further note that although discussed in the court's decision, the final entry in this case made no reference to the car. In a similar vein, the value as to the shoe store that was out of business, the equity in the duplex, and the value of appellant's interest in the partnership were questions of fact. Our review of the record indicates that there was sufficient evidence for the court to have reached the value he placed on these assets. We defer to the trial court on each of these.
Assignments of Error V, VI, VII, and VIII are not well taken and are overruled.
Assignment of Error XI raises again the abuse of discretion standard.
 Assignment of Error XI. The trial court erred in ordering defendant/appellant to pay all mortgage payments on the former marital residence and all payments due for the financing of the Chrysler LHS automobile subsequent to termination of the parties' marriage until each item was sold while granting plaintiff /appellee an equal share of the increased equity accruing from the payments made by defendant/appellant subsequent to the termination of the marriage.
In its entry, the court noted that the house was currently listed for sale. The court ordered that the listing continue and that appellant had the right to purchase at $220,000. Appellant was residing in the home at the time and he had the right to continue to do so. The court ordered that appellant be awarded certain sums and expenses out of the proceeds of sale and that the net balance be divided equally. Appellant's argument that this is an inequitable split is, frankly, silly. To be sure, as appellant makes mortgage payments the equity will increase and so will appellee's share of net balance. On the other hand, if the house had been sold immediately, appellee would have received her one half net share which would also be earning interest immediately. To allow appellant to accumulate all the appreciation would deprive appellee of the interest her share might earn.
Assignment of Error XI is wholly without merit and is overruled.
Assignments of Error III and IV will be treated jointly because they both raise the issue of retirement assets and both are well taken.
 Assignment of Error III. The trial court erred in ordering additional spousal support in the form of one half (1/2) of the monthly benefits of husband's PERS upon receipt in lieu of a property division of husband's PERS.
 Assignment of Error IV. The trial court erred in refusing to set off the appropriate amount of social security benefits when calculating the value of appellant's PERS pension.
The first paragraph of the syllabus in Hoyt v. Hoyt, 1990,53 Ohio St.3d 177 provides:
 When considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result.
 The trial court retained jurisdiction over the PERS pension asset and refused to make a setoff for any possible Social Security since the parties are not retirement age. The trial court was correct in finding that it would be impossible to do a division of future pension benefits at this time.
 However, the paragraph of the syllabus in Hoyt, supra, says;
 The trial court should attempt to preserve the pension or retirement asset in order that each party can procure the most benefit, and should attempt to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage.
Neither of the parties in this case is near retirement age and both may garner additional pension benefits from PERS or STRS or Social Security. It is also likely that one or both may remarry and these spouses would have an interest in the same pension plan. Since PERS benefits are based on years of service and the top three years of annual salary, it is likely that the final benefit will be based partly on the marriage years and partly on the post marriage salaries. Even if the court retains jurisdiction, it may be difficult to arrive at fair value.
The mandate in Hoyt is to "disentangle" the parties' economic interest, and the trial court's reservation of jurisdiction defeats the goal of finality. It is an abuse of discretion not to break the economic entanglement when the parties are so far removed from a retirement date. The PERS pension rights of appellant have a present value, and appellee's share also has a present value. The proper course for the trial court would have been to take evidence on the present value of the PERS pension, to determine present value, to determine appellee's share, to make an award of that amount.
Based on the foregoing, we find Assignments of Error III and IV are well taken and are sustained. We affirm the judgment of the trial court in all matters except as to the reservation of jurisdiction on the pension. We reverse on that part and remand this case for further proceedings on that issue. We recognize that in light of the debt of the parties considerable discretion may be needed in arriving at a decision on this matter and we do not, by this reversal, foreclose any exercise of the court's discretion, but only order that respective value of each party's share be determined and that appellee's share be properly funded.
Based on the foregoing, the decision of the trial court is affirmed in part, reversed in part, and this case is remanded to the trial court for further proceeding is accord with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed equally between the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
Kline, J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Part and Dissents in Part with Opinion.
 _________________________ Lawrence Grey, Judge*
* Lawrence Grey, retired from the Fourth Appellate District, sitting by assignment of the Ohio Supreme Court in the Fourth Appellate District.