I respectfully dissent from the portion of the majority opinion instructing the trial court to determine whether the parties contemplated a 10 percent variance between the existing child support order and the recalculated amount.
While the majority correctly recognizes that R.C. 3113.215(B)(4) sets forth the test to determine whether a child support order should be modified, it misinterprets the "10 percent rule" established therein. The statute provides that a 10 percent or greater deviation from the amount of child support originally ordered "shall be considered by the court as a change of circumstances that is substantial enough to require
a modification of the child support order." (Emphasis added.) R.C.3113.215(B)(4). However, the position of the majority is that in order to modify a child support order, R.C. 3113.215(B)(4) requires that the parties must not have contemplated the 10 percent deviation at the time the existing order was made.
Basically, the majority holds that a 10 percent variance, by itself, is insufficient to warrant modification of a child support order. Such a determination misconstrues the language of the statute. A plain reading of R.C. 3113.215(B)(4) reveals that a trial court is required to modify a child support order if there is a 10 percent change from the original support order. In the alternative, a court can modify a support order if there has been "a substantial change of circumstance that was not contemplated at the time of the issuance of the original child support order[.]" Simply stated, the 10 percent rule is independent of whether a substantial change of circumstance was contemplated by the parties.
The controlling case on the issue of modifying an existing child support order is DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, 539-540, which held the following:
 "* * * [I]f a support order already exists, the only test to determine whether child support shall be modified is set forth by R.C. 3113.215(B)(4):
 "`If an obligor or obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the support order in accordance with the schedule * * *, and if that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule * * * shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order.' In determining the ten percent figure, the court takes into account all other factors required by R.C. 3113.215(B)(4), such as the court-ordered cost of health insurance. Medical needs of the child can constitute a sufficient change of circumstances without regard to the ten percent test. If there is a sufficient change in circumstances, the court shall require support in the amount set by the guidelines unless that amount would be unjust or inappropriate and not in the best interest of the child. The ten percent difference applies to the change in the amount of child support, not to the change in circumstances of the parents. The trial court also has the obligation to test any proposal of the parents to see if it meets the Child Support Guidelines under the Marker standard even if the parties agree between themselves to a different amount or agree that only one party shall assume all support. See Martin v. Martin (1993), 66 Ohio St.3d 110, 609 N.E.2d 537." (Emphasis added.)
 Essentially, DePalmo provides a trial court with a two-step process in determining whether to modify an existing child support order. First, the court must recalculate the support order by applying the 10 percent rule to determine whether a modification is warranted. If a 10 percent deviation exists, then the court is obligated to modify the amount of child support unless the court determines that to do so would be "unjust or inappropriate and would not be in the best interests of the child" as required by 3113.215(B)(3). DePalmo at 539-540. In an instance where a court determines that it would be unjust or inappropriate and not in the best interests of the child to modify the support order, the court is required to journalize its determination and include findings of facts supporting its determination. Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph three of the syllabus.
Further, the 10 percent deviation reflects a change in the amount ofsupport, not the change in circumstances of the parents. DePalmo at 540. Therefore, a 10 percent deviation, standing alone, is sufficient to warrant modification of a child support order, regardless of whether the deviation was contemplated by the parties at the time the original support order was made.
This is precisely the position of the Eight Appellate District. InAmbrose v. Vollick (Dec. 18, 1997), Cuyahoga App. No. 71870, unreported, 1997 WL 781788, the court relied on DePalmo to expressly reject the argument that a 10 percent variance must be considered in conjunction with whether such a change was contemplated by the parties. Instead, theAmbrose court reasoned that if the recalculated amount deviates from the previous order by more than 10 percent, the trial court is required to modify the support order:
 "In the case sub judice, there is no dispute that there existed a variation of at least ten percent (10%) in the original calculations of child support and new calculations of child support made by the magistrate. However, defendant-appellant argues her change in income which was the basis for the variation in child support was contemplated by both parties at the time the original support order was made. As such, defendant-appellant argues the ten percent (10%) variation is insufficient to warrant modification. We disagree.
 "With regards to modification of an existing child support order, the Ohio State Supreme Court's recent pronouncement in DePalmo, supra is controlling. In that case, the Court stated unequivocally that if a support order already exists, the only test to determine whether child support shall be modified is set forth by R.C. 3113.215(B)(4) which states a ten percent (10%) variation between the existing order and the amount recalculated is a change of circumstances substantial enough to require a modification of the amount of the child support order. Id. at 539-540, 679 N.E.2d 266. Since there is no dispute that a ten percent (10%) variation exists, the trial court did not err in adopting the magistrates decision that a change in child support was warranted." (Emphasis added.) Ambrose at 4. See, also, Todd v. Augustin
(Aug. 10, 1999), Scioto App. No. 98CA2585, unreported, 1999 WL 615382, at 4-6 (rejecting the application of Baire v. Baire (1995), 102 Ohio App.3d 50, and In re Mathers, (Mar. 26, 1993), Geauga App. No. 92-G-1707, unreported, 1993 WL 150429, which held that a 10 percent deviation is insufficient to warrant modification of a child support order unless the deviation was not contemplated by the parties at the time the original support order was made); Baire v. Baire (1995), 102 Ohio App.3d 50, 58 (Grady, J., dissenting).
 In summation, I part company with the majority's instruction to the trial court that a 10 percent deviation must be considered in light of whether such a deviation was contemplated by the parties at the time the original support order was rendered. These concepts are separate and distinct from each other and were not intended by the General Assembly to be considered collectively. In effect, what the majority has done in the instant matter is alter the 10 percent rule converse to the holding pronounced in DePalmo. Worse, they have done this sua sponte.
Thus, for the reasons stated, I respectfully dissent and would order the trial court to simply determine whether the recalculated amount varies by more than 10 percent from the existing child support order. If so, then, in accordance with DePalmo, the trial court is required to modify the support order unless it determines that to do so would be unjust or inappropriate and not in the best interests of the children.