OPINION
{¶ 1} Appellant Yvonne Lee[fna Yvonne Loos] appeals from the May 17, 2004, Judgment Entry of the Tuscarawas County Court of Common Pleas which modified a previous order for child support. Jeffrey R. Loos is the appellee.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Yvonne Lee [hereinafter appellant] and Jeffrey R. Loos [hereinafter appellee] were divorced in the Tuscarawas County Court of Common Pleas on January 13, 2000. At the time of the divorce, appellant and appellee entered into a shared parenting plan in which the parties agreed that the two children of their marriage, Courtney A. Loos (born March 4, 1994) and Christine Loos (born July 3, 1996) would reside primarily with their father, appellee. The parties also agreed in the Shared Parenting Plan that there should be a deviation from the established child support guidelines. The parties agreed that appellant would pay $52.50 per child per month in child support to appellee. The parties understood that this amount was less than the child support set forth in the basic child support schedule and agreed that the deviation was necessary and in the best interest of the children "at the present time, and due to [appellant's] new job." Shared Parenting Plan, filed Jan. 13, 2000, pg. 5. The Decree of Divorce recognized the Shared Parenting Plan and adopted the language of the plan as the order of the trial court.
 {¶ 3} Three years later, appellee requested an administrative adjustment of appellant's child support obligation through the Child Support Enforcement Agency [hereinafter CSEA]. Appellant filed an objection to CSEA's initial recommendation that appellant's child support obligation be increased. A hearing was held on appellant's objections on July 17, 2003, before a Magistrate.
 {¶ 4} The Magistrate issued a Decision on October 15, 2003. Appellee filed objections to the Magistrate's Decision. After a hearing on appellee's objections, the trial court issued a Judgment Entry on January 29, 2004, which increased appellant's child support obligations, thereby ordering that appellant pay child support in the amount as calculated through the use of a child support computation work sheet and the child support guidelines.
 {¶ 5} It is from this Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court abused its discretion by modifying child support without making a finding that the modification was in the best interests of the children.
 {¶ 7} "II. The trial court abused its discretion by modifying child support without making a finding that the substantial change in circumstances was not contemplated at the time of the original child support order."
 I II {¶ 8} In the first assignment of error, appellant argues that the trial court abused its discretion when it modified child support without finding that the modification was in the best interests of the children. In the second assignment of error, appellant argues that the trial court abused its discretion by modifying child support without making a finding that the substantial change in circumstances was not contemplated at the time the original support order was issued. We disagree.
 {¶ 9} The Ohio Supreme Court has addressed what constitutes sufficient grounds for a modification of a prior child support order. In DePalmo v.DePalmo, 78 Ohio St.3d 535, 679 N.E.2d 266, the Supreme Court held as follows:
 {¶ 10} "[I]f a support order already exists, the only test to determine whether child support shall be modified is set forth by R.C. 3113.215(B)(4) [now codified as 3119.79(A)]:[1]
 {¶ 11} "If an obligor or obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the support order in accordance with the schedule . . ., and if that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule . . . shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order."
 {¶ 12} "In determining the ten percent figure, the court takes into account all other factors required by R.C. 3113.215(B)(4), such as the court-ordered cost of health insurance. . . . If there is a sufficient change in circumstances, the court shall require support in the amount set by the guidelines unless that amount would be unjust or inappropriate and not in the best interest of the child. The ten percent difference applies to the change in the amount of child support, not to the change in circumstances of the parents. The trial court also has the obligation to test any proposal of the parents to see if it meets the Child Support Guidelines under the Marker standard even if the parties agree between themselves to a different amount or agree that only one party shall assume all support. See Martin v. Martin (1993), 66 Ohio St.3d 110,609 N.E.2d 537.
 {¶ 13} "The law favors settlements. However, the difficult issue of child support may result in agreements that are suspect. In custody battles, choices are made, and compromises as to child support may be reached for the sake of peace or as a result of unequal bargaining power or economic pressures. The compromises may be in the best interests of the parents but not of the child. Thus, the legislature has assigned the court to act as the child's watchdog in the matter of support. Id.
at 115, 609 N.E.2d at 541." DePalmo, 78 Ohio St.3d at 539-540. (Emphasis original.)
 {¶ 14} In this case, a new child support worksheet was completed. The resulting figure was more than ten percent larger than the amount of child support originally ordered to be paid. Thus, pursuant to DePalmo
and R.C. 3119.79(A), there was a change of circumstances.
 {¶ 15} We now turn to the Marker standard. In Marker v. Grimm (1992),65 Ohio St.3d 139, 601 N.E.2d 496, the Ohio Supreme Court addressed the issue of when a trial court should deviate from the child support figure arrived at by using a child support worksheet. In Marker, the Ohio Supreme Court stated that the amount calculated using the child support worksheet is rebuttably presumed to be the correct amount of child support due.[2] R.C. 3119.03. Despite this presumption, the trial court may order child support in an amount that deviates from the calculation obtained from the schedule and worksheet. R.C. 3119.24(A)(1). See, also, R.C. 3119.22. The deviation is permitted if the trial court determines that the "amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in [R.C. 3119.23.]" R.C. 3119.24(A)(1).
 {¶ 16} Thus, in order to deviate from the amount of child support calculated by using a child support worksheet, a trial court must find that the calculated figure is unjust or inappropriate to order as child support and would not be in the child's best interest. However, there is no need to make the reverse findings, ie. that the amount of child support as calculated by using the child support worksheet is just and appropriate and in the child's best interest, if the trial court intends to order the calculated amount of child support. The amount arrived at by using the child support worksheet and guidelines is rebuttably presumed to be in the child's best interest.
 {¶ 17} Appellant also argues that the trial court could only modify child support if it found that the substantial change in circumstances was not contemplated at the time the original support order was issued. Appellant relies upon R.C. 3119.79(C) and Monti v. Monti (June 1, 1993), Fairfield App. No. CA47-92, 1993 WL 218331. Essentially appellant contends that the previous deviation should have been continued unless the trial court made a finding that the substantial change in circumstances was not contemplated at the time of the original support order.
 {¶ 18} In Monti, this court held that a "court need not modify support in accordance with the computation if the change in circumstances was contemplated at the time of the existing child support order." However,Monti was decided prior to the DePalmo decision, and, therefore, is not dispositive.
 {¶ 19} As stated above, in DePalmo, the Ohio Supreme Court held that once a substantial change is found pursuant to the ten per cent test, the trial court is to set child support at the amount set by the guidelines unless that amount would be unjust or inappropriate and not in the best interest of the child. DePalmo, 78 Ohio St.3d at 540. As noted above, the worksheet calculations are "rebuttably presumed" to be the correct amount of child support. R.C. 3119.03. Thus, a party seeking to rebut the amount determined by the basic child support guidelines bears the burden to provide evidence demonstrating that the calculated award is unjust or inappropriate and not in the child's best interest. R.C. 3119.22.
 {¶ 20} Thus, in order for the trial court to continue a deviation, appellant had to produce evidence demonstrating that a deviation should be granted. Accordingly, there was no requirement that the trial court find that the substantial change in circumstances was not contemplated at the time the original support order was issued.
 {¶ 21} Accordingly, appellant's first and second assignments of error are overruled.
 {¶ 22} The judgment of the Tuscarawas Court of Common Pleas is affirmed.
Edwards, J., Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Revised Code 3113.215(B)(4) has been recodified as R.C. 3119.79(A). The recodified version states as follows, in relevant part: "(A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount." R.C. 3119.79.
[2] The analysis of Marker was based upon R.C. 3113.215(B)(1). This section of the revised code has been recodified but the Revised Code continues to state that the amount of child support calculated pursuant to the basic child support schedule and applicable worksheet is "rebuttably presumed" to be the correct amount of child support due. See R.C. 3119.03.